The defendant Charles Nemcof is the owner of the tract of land described in the complainant's bill.
On the 6th day of July, 1925, Nemcof and his wife were enroute to Enrope. One Ben Jenkin, as agent for Charles Nemcof and Fannie Nemcof, entered into a contract with the complainant for the sale of said land. Two thousand dollars was paid on account of the purchase price, which money was deposited to the credit of Nemcof.
On July 21st, one Ash, the Philadelphia attorney of Nemcof, endeavored to return the sum of $2,000 to the complainant, who refused to accept the same.
On July 6th, one Imbesi, the real estate agent, cabled Nemcof in Germany of the sale, with request "cable approval." This was received by Nemcof on July 10th, upon his arrival, who immediately cabled Imbesi to the effect that this agreement must include sale of automobile accessories and machinery to be paid for by the purchaser. Nemcof sent *Page 679 
a second cable, "Will pay $700 commission for selling. Wire acceptance." Imbesi cabled: "Commission of three per cent. was agreed upon before sailing. Accessories and equipment agreed. Wire acceptance."
Nemcof repudiates the contract, and claims that Ben Jenkin has never been authorized by him to enter into the contract.
The complainant in his brief says:
"There are only two questions to be decided in this case, viz.: (1) Was Ben Jenkin the duly and properly authorized agent of the defendant Charles Nemcof, with power to bind said defendant to a contract for the sale of the property in question? (2) If he was not such an agent, did Nemcof ratify the sale made by Jenkin?"
He produces one George D. Richards, a member of the bar of this state, and who was formerly trust officer of the First National Bank, who testified that the defendant employed him to prepare a general power of attorney by which Jenkin was appointed attorney, and which was executed by Nemcof. Richards is unable to give the terms of this appointment — simply states it to be a general power of attorney, and not the form usually used in the bank.
No such power of attorney can be found. Mr. Nemcof denies the execution of a general power of attorney, but admits having executed two powers of attorney, authorizing Jenkin to withdraw funds from two separate bank accounts. Only one power of attorney was found.
It is sufficient to say that there is no satisfactory proof that Nemcof ever gave Jenkin any authority to sell the land in question. No attempt has been made to assert that he was authorized to sign Mrs. Nemcof's name.
There is no testimony that he by any specific act ratified the agreement, but it is insisted that, by not immediately repudiating this alleged sale, he did ratify it.
Did Nemcof ratify the agreement?
Paraphrasing the language of the late Mr. Justice Magie in delivering the opinion of the court of errors and appeals inLindley v. Keim, 54 N.J. Eq. 418 (at p. 424): *Page 680 
Proof, which is said to tend in that direction, fails to establish ratification for one obvious reason. It does not make it appear that Nemcof had knowledge, during his absence in Europe, of the act of Jenkin in signing this agreement. Knowledge of the act, which has been done without authority, is an essential element of the ratification of the act. If we may draw a reasonable inference that Nemcof knew that Jenkin had sold this land to Sutton, and was satisfied with the sale, or that Nemcof would have executed and delivered a deed therefor to Sutton upon receipt of the purchase price, those facts fall short of ratifying Jenkin's act in executing for him a binding agreement of sale.
Nemcof, immediately upon obtaining knowledge of Jenkin's act, repudiated it, and in the absence of proof of such knowledge at the time of the acts, which are alleged as constituting ratification, a ratification could not be made out.
Finding no proof that Nemcof authorized Jenkin to execute the contract in question, and that the contract has not been ratified, the bill must be dismissed.